IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 1:12cr181-MHT |
| | ) | (WO) |
| EDWARD LINCOLN FOREHAND | ) | |

OPINION AND ORDER

Defendant Edward Lincoln Forehand is charged with wire, mail, and securities fraud, and transacting in criminally derived property, in violation of 18 U.S.C. §§ 1343 and 1341, 15 U.S.C. § 77q(a), and 18 U.S.C. § 1957(a). Before the court is the government's pretrial motion to exempt its expert witness from sequestration pursuant to Federal Rule of Evidence 615(c). For reasons that will be explained, the motion will be granted.

Upon "a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony." Fed. R. Evid. 615. "The efficacy of excluding or sequestering witnesses has long been recognized as a means of discouraging and exposing fabrication, inaccuracy, and collusion." Id., Adv. Cmt.

Notes.  There are, however, several exceptions to this general rule, including for a witness "whose presence a party shows to be essential to presenting the party's claim or defense."  Id. at 615(c).  The government argues that its expert witness, Philip A. Feigin, should be exempt from sequestration because he is "essential" to its case.

The government points out that Feigin will base his opinions on trial testimony from the victim-investors.  The government deems Feigin essential because he will give his expert opinion on whether Forehand dealt in "securities," as that term is defined under federal regulatory standards.  His testimony will, therefore, offer proof of an element of the securities-fraud charge.  Another federal evidentiary rule, Rule 703, contemplates expert witnesses doing exactly as Feigin proposes.  That rule provides that an expert "may base an opinion on facts or data in the case that the expert has been made aware of."  Fed. R. Evid. 703.  The Advisory Committee

Notes to this rule elaborate further, providing that experts may base an opinion on facts presented at trial, and "The technique may be the familiar hypothetical question or having the expert attend the trial and hear the testimony establishing the facts."  Id., Adv. Cmt. Notes.

Because Feigin will not offer factual testimony, the government argues, the risk that Rule 615 aims to obviate--fabricated testimony and witness collusion--is less of a threat.  See Fed. R. Evid. 615, Adv. Cmt. Notes.  To the extent the government is arguing that Feigin should be allowed to remain in the courtroom solely because he is an expert-opinion witness, it asks the court to apply an automatic exception that does not exist.  Courts have repeatedly held that designating a witness as an expert-opinion witness does not mandate Rule 615(c)'s sequestration exception.  Miller v. Universal City Studios, Inc., 650 F.2d 1365, 1374 (5th

Cir. July 23, 1981)[*] (agreeing that "rule 703 does not furnish an automatic basis for exempting an expert witness from sequestration under rule 615"); see also United States v. Olofson, 563 F.3d 652, 660-61 (7th Cir. 2009) ("Rule 703 is not an automatic exception for experts from Rule 615 sequestration."); Opus 3 Ltd. V. Heritage Park, Inc., 91 F.3d 625, 629 (4th Cir. 1996) (declining to "adopt a per se rule exempting expert witnesses, even those who are expected only to render opinions, from sequestration"); Morvant v. Construction Aggregates Corp., 570 F.2d 626, 630 (6th Cir. 1978) (rejecting automatic exemption for experts and noting that if the rule's framers had wanted such an exemption, "they would have said so") cert. dismissed, 439 U.S. 801 (1979). Indeed, not all experts rely on trial, or even

---

[*] The Eleventh Circuit has adopted as precedent all decisions of the former Fifth Circuit rendered prior to October 1, 1981, and all Former Fifth Circuit Unit B and non-unit decisions rendered after October 1,1981. See Stein v. Reynolds Secur., Inc., 667 F.2d 33, 34 (11th Cir. 1982); Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981)(en banc).

lay or fact, witness testimony for their opinions. Their opinions may be based on undisputed or stipulated facts or their opinions may go merely to support or refute a scientific principle advanced by a party. In short, many experts need not rely on courtroom testimony for their opinions and thus have no need whatsoever to be in court during the testimony of other witnesses.

Instead, as the party moving for an exception to the sequestration rule, the government bears the burden of showing the exception is warranted. United States v. Jackson, 60 F.3d 128, 135 (2d Cir. 1995). It must overcome a "strong presumption" in favor of sequestration. Id. While the courts have not developed a precise test for what makes a witness's presence essential, it is clear that the test is "not whether the witness' testimony may be important but, rather, whether he is needed in the courtroom when he is not testifying." Wright & Miller, 29 Fed. Prac. & Proc. § 6245 (1st ed.). Thus, the government must do more than show that the

5

witness's presence is "simply desirable," Opus, 91 F.3d at 629 (quoting Jackson, 60 F.3d at 135), or "helpful." United States v. Agnes, 753 F.2d 293, 307 (3d Cir. 1985), abrogated on other grounds by Smith v. Borough of Wilkinsburg, 147 F.3d 272 (3d Cir. 1998); United States v. Ortiz, 10 F. Supp. 2d 1058, 1061 (N.D. Iowa 1998) (Bennett, J.) (same).

Relevant considerations that should inform the court include the nature of the witness's testimony (for example, whether the witness will testify to facts or opinions); whether the case is simple or complex; whether the trial is short or long; whether, unless the witness is present during the testimony of one or more other witnesses, he will be able to provide his testimony in a reasonable and fair way; and whether, unless the witness is present during the testimony of one or more other witnesses, the court will be able to exercise effectively its umpire function in making sure that the case is presented to the jury in an orderly, efficient, and fair

way.  In weighing these considerations, the court must, of course, assure as best it can that the purpose behind Rule 615 is not undermined by exempting the witness from sequestration.

Bearing the above considerations and purpose in mind, the court concludes Feigin should be allowed to remain in the courtroom during trial.  The government anticipates calling 60 victim-investors over a two-week period, and, based on this testimony, Feigin is to opine as to whether the victims' investments fit the federal regulatory definition of "securities."  Forehand suggests that, rather than allow him to hear the witnesses' live testimony and testify directly as to what he heard, counsel should present the victim-investors' testimony to Feigin in hypothetical questions.  Such a procedure may suffice in a shorter and less complicated trial.  Here, however, because of the complexity and precision of the subject matter Feigin will opine on and because Feigin will testify on as many as 60 different factual

scenarios, an examination of him in hypothetical terms would most likely quickly devolve into a theater of the absurd. The necessity of ensuring the attorneys' hypothetical questions accurately reflect the many victim-investors' testimony would not only be extremely difficult, if not impossible, for the court in this complex case, it would also require numerous interruptions and side-bar battles and prolong the proceedings unduly for the jury. Moreover, even if the attorneys could agree on the investors' testimony, the likelihood of juror confusion is high. For these reasons, sequestering Feigin would not only seriously frustrate the government's ability to prove a critical element of the securities-fraud allegation, it would also frustrate the court's ability to assure that the trial proceeds in an orderly and fair manner.

 Moreover, the court agrees with the government that, here, because Feigin will not offer factual testimony, the risk of fabricated testimony is less of a threat.

8

<u>See</u> Fed. R. Evid. 615, Adv. Cmt. Notes.  Indeed, to the extent the purpose behind Rule 615 (a witness knowing what another witness has said) is at issue in this case, there is not much difference between allowing Feigin to remain the courtroom and presenting hypothetical questions to him: in both scenarios Feigin would learn the testimony of another witness.  Thus, putting hypotheticals to Feigin would not only not further Rule 615's purpose, it would also make the trial unnecessarily, and even impossibly, difficult and confusing for the parties, the jury, and the court.

Feigin's presence in the courtroom is not just desirable, but essential to the government's case and the orderly and fair presentation of evidence, and will be allowed.

***

Accordingly, it is ORDERED that the government's motion to exempt expert witness from the rule of sequestration (doc. no. 47) is granted.

DONE, this the 13th day of March, 2013.

                        <u>/s/ Myron H. Thompson</u>
                        UNITED STATES DISTRICT JUDGE