AO 245B     (Rev 09/11) Judgment in a Criminal Case
v1     Sheet 1

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| UNITED STATES OF AMERICA <br> v. <br> EDWARD LINCOLN FOREHAND | **JUDGMENT IN A CRIMINAL CASE** <br><br> Case Number: 1:12cr181-01-MHT <br><br> USM Number: 14176-002 <br><br> William C. White, II <br> Defendant's Attorney |

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
    which was accepted by the court.

☑ was found guilty on count(s)    1-5,6-8,9-10,11-14 on March 18, 2013
    after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC 1343 | Wire Fraud | 10/30/2009 | 1-5 |
| 18 USC 1341 | Fraud and Swindles | 10/30/2009 | 6-7 |
| 15 USC 77q(a)(2) & 77x | Fraudulent Interstate Transactions | 10/30/2009 | 9-10 |
| 18 USC 1957(a) | Engaging in Monetary Transactions in Criminally Derived Property | 10/30/2009 | 11-14 |

☐ See additional count(s) on page 2

    The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☑ Count(s)    Eight of the Indictment    ☑ is    ☐ are dismissed on the motion of the United States.

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitutio the defendant must notify the court and United States attorney of material changes in economic circumstances.

August 2, 2013
Date of Imposition of Judgment

_[signature]_
Signature of Judge

MYRON H. THOMPSON, U.S. DISTRICT JUDGE
Name of Judge        Title of Judge

Sept. 3, 2013
Date

AO 245B    (Rev. 09/11) Judgment in a Criminal Case  
v1    Sheet 2 — Imprisonment

DEFENDANT: EDWARD LINCOLN FOREHAND  
CASE NUMBER: 1:12cr181-01-MHT

Judgment Page: 2 of 6

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

90 Months. Said term consists of 90 months as to counts 1-7; 60 months as to counts 9 and 10; and 90 months as to counts 11-14, all such terms to run concurrently.

☑ The court makes the following recommendations to the Bureau of Prisons:

The court recommends that the defendant be designated to a facility near Dothan, AL.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____    ☐ a.m.    ☐ p.m.    on _____

    ☐ as notified by the United States Marshal.

☑ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☑ before 2:00    on    9/13/2013

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

_____  
UNITED STATES MARSHAL

By _____  
DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
vl          Sheet 3 — Supervised Release

DEFENDANT: EDWARD LINCOLN FOREHAND          Judgment Page: 3 of 6
CASE NUMBER: 1:12cr181-01-MHT

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:
5 Years. This term consists of 5 years on counts 1-5 and 3 years on counts 6, 7 and 9-14, all such terms to run concurrently.

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☑   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☑   The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐   The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐   The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional condition on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 09/11) Judgment in a Criminal Case
v1 Sheet 3C — Supervised Release

DEFENDANT: EDWARD LINCOLN FOREHAND
CASE NUMBER: 1:12cr181-01-MHT

Judgment Page: 4 of 6

# SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall submit to a search of his person, residence, office and vehicle pursuant to the search policy of this court.

2. The defendant shall provide the probation officer any requested financial information.

3. The defendant shall not obtain new credit without approval of the court unless in compliance with the payment schedule.

DEFENDANT:  EDWARD LINCOLN FOREHAND                                   Judgment Page: 5 of 6
CASE NUMBER:  1:12cr181-01-MHT

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | **Assessment** | **Fine** | **Restitution** |
|--------|----------------|----------|-----------------|
| **TOTALS** | $ 1,300.00 | $ | $ $4,031,036.35 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☑ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|-------------------|-----------------|-------------------------|----------------------------|
| *********SEE ADDITIONAL PAGES************** |  | $4,031,036.35 |  |
| **TOTALS** | $0.00 | $4,031,036.35 |  |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☑ the interest requirement is waived for the   ☐ fine  ☑ restitution.

    ☐ the interest requirement for the   ☐ fine  ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 09/11) Judgment in a Criminal Case
vl       Sheet 6 — Schedule of Payments

Judgment Page: 6 of 6

DEFENDANT: EDWARD LINCOLN FOREHAND
CASE NUMBER: 1:12cr181-01-MHT

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  ☑ Lump sum payment of $ 4,032,336.35 due immediately, balance due

   ☐ not later than _____ , or
   ☑ in accordance   ☐ C,   ☐ D,   ☐ E, or   ☑ F below; or

B  ☐ Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

C  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☑ Special instructions regarding the payment of criminal monetary penalties:

   All criminal monetary payments are to be made to the Clerk, United States District Court, Middle District of Alabama, Post Office Box 711, Montgomery, Alabama 36101. Any balance of restitution remaining at the start of supervision shall be paid at the rate not less than of $150 per month.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

   Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:
   Judgment: Money Judgment in the amount of $2,991,654.00

   ********See Additional Pages of Forfeiture Property***************

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

DEFENDANT: EDWARD LINCOLN FOREHAND
CASE NUMBER: 1:12cr181-01-MHT

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Brandon Adock | | $5,000.00 | |
| Steve Albriton | | $10,000.00 | |
| Jerry and Linda Alexander | | $12,750.00 | |
| Tim Allen | | $20,000.00 | |
| Lonnie Andrews | | $5,000.00 | |
| Randy and Janet Averett | | $30,000.00 | |
| Richard and Carol Baker | | $5,000.00 | |
| Scott Bennett | | $5,000.00 | |
| Buddy and Kim Berry | | $5,000.00 | |
| John and Jana Biddinger | | $15,625.00 | |
| Louise Bonds | | $5,000.00 | |
| John and Keith Bowen | | $64,343.00 | |
| Judith Branch | | $20,000.00 | |
| Rachel Brooks | | $70,000.00 | |
| Benjamin Brown | | $269,277.80 | |
| Pearl Alice Buckmaster | | $27,116.37 | |
| Estate of Elizabeth Bush  Attn: Wanda Rich, Executor of Estates of Elizabeth Bush | | $45,000.00 | |
| Jerry Calhoun | | $30,000.00 | |
| James and Tracy Carmack | | $9,000.00 | |
| Ronald Carnley | | $5,000.00 | |
| Terry and Lynn Carpenter | | $10,000.00 | |
| Royce Chamblee | | $10,000.00 | |
| Jodie Clements | | $15,000.00 | |
| David K. Collins | | $22,000.00 | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B  (Rev. 09/11) Judgment in a Criminal Case
v1  Sheet 5B — Criminal Monetary Penalties

DEFENDANT: EDWARD LINCOLN FOREHAND
CASE NUMBER: 1:12cr181-10-MHT

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Anthony and Rhoda Conrad | | $10,000.00 | |
| Joseph Cook | | $96,000.00 | |
| Susan Cottrill | | $10,000.00 | |
| Neal and Melania Covington | | $10,000.00 | |
| John and Elizabeth Craft | | $10,000.00 | |
| Ben and Jenna Crosby | | $10,000.00 | |
| Ashley Cullifer | | $5,000.00 | |
| Hugh Cureton | | $5,000.00 | |
| Charles Dawkins | | $21,000.00 | |
| Charlotte R. Day | | $36,750.00 | |
| Junior and Linda Delaney | | $15,000.00 | |
| Dr. Antonio and Eliana Diaz-Jimenz | | $1,667.00 | |
| Dr. Madison Dixon | | $5,000.00 | |
| Steve and Cheryle Ellenberg | | $5,000.00 | |
| Nick and Amy Ellis | | $10,000.00 | |
| Ronald and Dana Eubanks | | $10,000.00 | |
| James Fink | | $20,000.00 | |
| Daniel Fisher | | $12,000.00 | |
| Dave and Gail Fisher | | $10,000.00 | |
| Brad Forehand | | $1,075.00 | |
| Rodney Drake Forehand | | $12,250.00 | |
| William and Sandra Forehand | | $26,607.64 | |
| Robert Geiger | | $20,000.00 | |
| Robert and Naomi Gentry | | $5,000.00 | |
| Ralph and Carolyn Gilley | | $5,000.00 | |
| William Mickey Gilmore | | $30,000.00 | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B	(Rev. 09/11) Judgment in a Criminal Case
v1	Sheet 5B — Criminal Monetary Penalties

DEFENDANT: EDWARD LINCOLN FOREHAND
CASE NUMBER: 1:12cr181-01-MHT

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| John L. Gioiello | | $75,505.00 | |
| Marsha Goodwin | | $5,000.00 | |
| Mishelle Gorman | | $5,000.00 | |
| Linda Greifzu | | $12,000.00 | |
| Mary Frances Gray | | $5,810.00 | |
| Laetitia Grimes | | $5,000.00 | |
| Kathleen Groves | | $10,000.00 | |
| Jerry and Sheila Hall | | $10,000.00 | |
| Judy Hamm | | $26,750.00 | |
| Tommy Hamm, Sr. Trust | | $18,500.00 | |
| Jody and Michelle Haney | | $18,000.00 | |
| Rita Hayes | | $33,000.00 | |
| Malcolm and Robbie Hendrix | | $5,000.00 | |
| David Henry | | $17,300.00 | |
| Timothy James Holley | | $2,025.43 | |
| Ramona Hughes and Marti Pippin | | $40,000.00 | |
| Eric Irwin | | $3,250.00 | |
| John Jackson | | $149,000.00 | |
| David and Ashley Johnson | | $45,000.00 | |
| Elbert and Ann Johnson | | $20,000.00 | |
| Steve and Carla Johnson | | $10,500.00 | |
| Terry and Tina Johnson | | $6,536.03 | |
| Ricky and Brandilyn Jones | | $10,000.00 | |
| Mary C. Kelley | | $36,750.00 | |
| Ben and Helen Kelly | | $15,000.00 | |
| Don and Donna Kilpatrick | | $2,500.00 | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B     (Rev. 09/11) Judgment in a Criminal Case
vl          Sheet 5B — Criminal Monetary Penalties

DEFENDANT: EDWARD LINCOLN FOREHAND
CASE NUMBER: 1:12cr181-MHT

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Siobhan Knight | | $5,000.00 | |
| Drew Kriser | | $10,000.00 | |
| Billy and Margery Lawrence | | $10,000.00 | |
| John and Wynese Lolley | | $10,000.00 | |
| Sandy Love | | $10,000.00 | |
| William L. Malone | | $10,000.00 | |
| Anita Marlowe | | $2,000.00 | |
| Tony and Wendy Martin | | $75,000.00 | |
| Derwin and Beth McKinnon | | $10,000.00 | |
| Tony and Karen McLamb | | $10,000.00 | |
| Kathy Merriman | | $350.00 | |
| Jim and Kitty Mock | | $68,750.00 | |
| Curt Moore | | $7,000.00 | |
| Kerri T. Morgan | | $8,000.00 | |
| Royce Morrow | | $20,000.00 | |
| Robert Moye | | $114,000.00 | |
| Charles and Heather Murphy | | $5,000.00 | |
| Debra and Max Myers | | $46,197.67 | |
| Lori Nunley | | $10,000.00 | |
| Victor and Heather Oliveira | | $15,000.00 | |
| Alvin Outlaw | | $20,000.00 | |
| Don and Christina Paulson | | $5,000.00 | |
| Shawn Penhold c/o David Collins | | $10,000.00 | |
| Joel and Jeannine Peterson | | $500.00 | |
| B.H. and Shelby Jean Phillips | | $28,981.87 | |
| James Phillips | | $2,875.00 | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B      (Rev. 09/11) Judgment in a Criminal Case
v1           Sheet 5B — Criminal Monetary Penalties

DEFENDANT: EDWARD LINCOLN FOREHAND
CASE NUMBER: 1:12cr181-01-MHT

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Patricia Pippin | | $12,500.00 | |
| Larry and Janice Pittman | | $56,915.00 | |
| Marchelle Ray | | $5,000.00 | |
| Wille Ray | | $131,680.00 | |
| Ronald and Diane Reid | | $10,000.00 | |
| Wallace and Kathy Reynolds | | $10,000.00 | |
| Wendell and Wanda Rich | | $145,000.00 | |
| Clifford and Geneva Sargent | | $5,000.00 | |
| Charles and Elizabeth Sessions | | $35,000.00 | |
| Billy C. and Lavella Shaw | | $5,000.00 | |
| Earl and Teresa Siemens | | $20,000.00 | |
| Chip and Susan Simmons | | $10,000.00 | |
| Faye Smith | | $25,326.96 | |
| Keith Smith | | $20,000.00 | |
| Mark Snodgrass | | $15,000.00 | |
| Catherine Stephens | | $5,000.00 | |
| Charles and Jessica Stephens | | $20,000.00 | |
| Helen Stephens | | $44,000.00 | |
| Wanda Stephens | | $10,000.00 | |
| Blake Tatom | | $1,417.00 | |
| John Kent and Iris Tatom | | $90,000.00 | |
| Marie Taylor | | $200.01 | |
| Janice Thomas | | $10,000.00 | |
| Ron and Johnnie Thames | | $783,142.57 | |
| Debbie Thorpe | | $312.00 | |
| Robert Tietze | | $10,000.00 | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B　　(Rev. 09/11) Judgment in a Criminal Case
v1　　　　Sheet 5B — Criminal Monetary Penalties

DEFENDANT: EDWARD LINCOLN FOREHAND
CASE NUMBER: 1:12cr181-01-MHT

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Jane Tillman | | $10,000.00 | |
| Kevin S. Tillman | | $42,000.00 | |
| Craig and Lisa Touchton | | $15,000.00 | |
| Chris Turner | | $30,000.00 | |
| James Turner | | $14,000.00 | |
| Jerry and Angela Turner | | $20,000.00 | |
| Michael and Brenda Turner | | $10,000.00 | |
| James Way | | $10,000.00 | |
| Clarence and Marian Werhan | | $30,000.00 | |
| Andrea and Pat Wheeler | | $10,000.00 | |
| Christopher Ray White | | $51,000.00 | |
| Gary and Lisa Wiginton | | $25,000.00 | |
| Iris Williford | | $65,000.00 | |

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: EDWARD LINCOLN FOREHAND
CASE NUMBER: 1:12cr181-01-MHT

# ADDITIONAL FORFEITED PROPERTY

REAL PROPERTY

3454 Robeson Road, Sevierville, Tennessee (Sevier County, Large Map Book 3, at page 55; BK/PG: 3313/204-205, No. 09018888), more particularly described as follows:
Situate, Lying and Being in the Sixth (6th) Civil
District of Sevier County, Tennessee, and being
LOT 50 OF COVE MEADOWS as the same is
shown by plat of record in Large Map Book 3, at
page 55, in the Register's Office of Sevier County,
Tennessee, to which plat specific reference is here
made for a more particular description.

But this conveyance is made subject to the
restrictions, easements and building setbacks of
record in Book 1164, page 620, as amended in
Book 1745, at page 177; Map Book 32, page 375;
Large Map Book 3, page 9 Large Map Book 3, page
55; Book 1325, page 598 and Book 1338, page 426,
all in said Register's Office.

Being the same property conveyed to Paul J. Smith
and wife, Judy K. Smith, by General Warranty
Deed of Robert S. Talbott and wife, Jennifer W.
Talbott, dated November 15, 2005, of record in
Book 2399, at page 55, in the said Register's Office.

SUBSTITUTE ASSETS

124 Stillwood Road, Dothan, Alabama 36303, owned by Elizabeth Ann
Forehand, recorded in Book 0518, Page 185, and described as parcel no. 03-09-
31-0-000-001-045; Lot 7, Block A Stillwood Subdivision. Tract 0415001027.

9726 State Highway 85, Bellwood, Alabama, owned by Annie Merle Forehand
and described as parcel no. 110101003300300000; Map of Bellwood 1/1 Blk 1
Lots 13, 14, 15, 16 & 17 S1-T2N-R22E.

 3117 Thomas Headrick Road, Sevierville, Tennessee, owned by Edward
Forehand and more particularly described as follows:
Situate in District 6, County of Sevier, State of Tennessee, and being all of Lot 1,
Heritage Springs Subdivision, as the same is shown on plat of record in Map
Book 32, Page 310 (aka Map Cabinet 17, Page 155-B), in the Register's Office of Sevier County, Tennessee to which
reference is made for a more particular description of said property. (assessor's parcel number 134B-B-1.00).

DEFENDANT: EDWARD LINCOLN FOREHAND
CASE NUMBER: 1:12cr181-01-MHT

# ADDITIONAL FORFEITED PROPERTY

1550 Westgate Parkway, Dothan, Houston County, Alabama, owned by Edward L. Forehand and Ann B. Forehand (parcel no. 09-02-03-3-001-019-001), more particularly described as follows:

Commencing at the SE corner of the SW ¼ of the SW ¼ of Section 3, T3N, R26E and from said point run West along a fence and the South line of said forty a distance of 387.68 feet to an existing iron pipe and the POINT OF BEGINNING; thence continue along said fence and the South line of said forty S87°- 29'-51"W a measured distance of 134.40 feet to an existing iron pipe and fence corner; thence N01° -58'-36"W a distance of 258.50 feet to a set iron pipe on the southeasterly R/W of Westgate Parkway (110' R/W); thence S63°-39'-48"W along a curve concave to the left and having a radius of 900.37 feet a chord distance of 92.36 feet to an existing concrete R/W monument; thence continue along said R/W and curve a chord being of S57°-03'-20"W a chord distance of 115.12 feet to an existing R/W monument, same being P.C. Station 212+20.27; thence continue along said R/W S53°-23'-28"W a distance of 60.94 feet to an existing R/W monument, same being P.C. Station 111+59.13; thence continue along said R/W a curve concave to the left having a radius of 900.37 feet a chord being of S52°-03'-59"W a distance of 39.47 feet to an existing R/W monument; thence continue along said R/W a curve a chord bearing of S52°-38'-22"W a distance of 1.50 feet to a set iron pipe; thence S46°-44'-00"E a distance of 150.50 feet to an existing iron pipe; thence N44°-41'-30"E a distance of 90.28 feet to an existing pipe; thence S46°-40'-56"E a distance of 70.00 feet to an existing iron pipe and the Northerly corner of the Saliba Realty property; thence S46°-31'-09"E along the Northeasterly property line of the Saliba Realty property a distance of 132.66 feet to an existing iron pipe; then N37°-57'-12"E a distance of 123.98 feet to the POINT OF BEGINNING. Said land being located in the SW ¼ of the SW ¼ of Section 3, and the NW ¼ of the NW ¼ of Section 10, T3N, R26E and containing 1.16 acres.