IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA   )<br>                            )<br>                            )<br>                            ) | CRIMINAL ACTION NO. |
|     v.                     ) | 1:12cr181-MHT |
|                            ) | (WO) |
| EDWARD LINCOLN FOREHAND     )<br>                            )<br>                            ) | |

OPINION AND ORDER

Defendant Edward Lincoln Forehand was convicted by a federal jury of five counts of wire fraud pursuant to 18 U.S.C. § 1343; three counts of mail fraud pursuant to 18 U.S.C. § 1341; two counts of securities fraud pursuant to 15 U.S.C. § 77q(a)(2); and four counts of transacting in criminally derived property pursuant to 18 U.S.C. § 1957(a). This cause is now before the court on Forehand's motion for release on bond pending appeal. The court held a hearing on this matter. For the reasons that follow, this motion will be denied.

The Bail Reform Act of 1984, 18 U.S.C. § 3143, provides that the district court shall order detention of

a person who has been convicted and sentenced to a term of imprisonment. Under § 3143, the court presumes that detention is valid despite a pending appeal, and the defendant bears the burden of overcoming that presumption and proving that release is appropriate. Morison v. United States, 486 U.S. 1306 (Rehnquist, Circuit Justice 1988); United States v. Giancola, 754 F.2d 898, 901 (11th Cir. 1985) (per curiam), cert. denied, 479 U.S. 1018 (1986). In order to grant a defendant's motion for release pending appeal, the district court must make the following findings:

> "(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>
> "(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in--
>
> (i) reversal,
>
> (ii) an order for a new trial,

> (iii) a sentence that does not include a term of imprisonment, or
>
> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process."

18 U.S.C. § 3143(b)(1). The burden of proving these findings lies with the defendant. See <u>Giancola</u>, 754 F.2d. at 901.

The Eleventh Circuit Court of Appeals has defined a substantial question of law for purposes of § 3143 in the following manner:

> "[A] 'substantial question' is one of more substance than would be necessary to a finding that it was not frivolous. It is a 'close' question or one that very well could be decided the other way. Further, there are no blanket categories for what questions do or do not constitute 'substantial' ones. Whether a question is 'substantial' must be determined on a case-by-case basis."

<u>Giancola</u>, 754 F.2d at 901. In order to be released pending his appeal, then, Forehand would have to show by clear and convincing evidence that he is not a flight risk or a danger to the community, or appealing for the sake of

3

delay, and that he is raising a substantial question of law on appeal that is likely to result, for example, in reversal or a new trial.  Because the government does not contend that Forehand is a risk of flight or appealing for the sake of delay, the court need only address the second part of the test.

In his appeal, Forehand relies primarily upon a claim of insufficient evidence as the "substantial question of law and fact" likely to result in reversal or a new trial. In particular, he claims that there is insufficient evidence to show that he had the necessary knowledge and intent to be convicted of the fraudulent scheme involved in his convictions.  At his trial, however, Forehand had an opportunity to expressly deny his fraudulent intent and knowledge of the scheme before the jury. When a statement made by a defendant is disbelieved by the jury, the statement may be considered substantive evidence of the defendant's guilt.  See United States v. Brown, 53 F.3d 312 (11th Cir. 1995). While the government cannot rely solely on the jury's disbelief of a defendant's testimony,

4

where there is other corroborative evidence of guilt, the jury can draw an inference of guilt from its disbelief of the defendant's testimony.  Id.  Forehand's trial testimony in which he expressly denied his fraudulent intent, along with corroborative evidence including bank records, false promises to investors, and his knowledge that the scheme was developed by an individual with a criminal background, is sufficient evidence for a jury to conclude that Forehand had the requisite knowledge and intent for a finding of guilt and thus does not present a substantial question that justifies release pending Forehand's appeal.

***

Accordingly, it is ORDERED that defendant Edward Lincoln Forehand's motion for bond pending appeal (Doc. No. 168) is denied.

DONE, this the 18th day of September, 2013.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE