IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 1:12cr181-MHT |
| | ) | (WO) |
| **EDWARD LINCOLN FOREHAND** | ) | |

ORDER

This case is before the court on defendant Edward Lincoln Forehand's motion for early termination of supervised release (Doc. 244). Also before the court is the response of the probation officer (Doc. 246) opposing the motion. For the reasons set forth by the probation officer and those stated below, it is ORDERED that defendant Forehand's motion for early termination of supervised release is denied.

\*\*\*

In his motion, Forehand requests early termination of supervised release in part so that he can "expand" his "ministry," and he notes that doing so would allow him to earn an income. *See* Motion for Early Termination (Doc. 244) at 3. As the probation officer

explains in his response, supervised release does not prevent Forehand from working as a preacher/minister, so long as he stays in the Middle District of Alabama. But more importantly, the reason Forehand went to prison and is now under supervision is that he is a conman who used his ministry to defraud more than 200 victims. The court agrees with the probation officer that, given these facts, "the mere suggestion that Forehand desires to expand his ministry to generate income is alarming." Probation Officer's Response (Doc. 246) at 2.

Moreover, Forehand does not seem to have recognized the error in his ways. In his motion, he talks at length about his life and his ministry, but nowhere takes responsibility for his offense or reveals any concern or desire to compensate his victims. On the contrary, he seems to suggest that he was a fall guy and that his punishment was unwarranted. *See* Motion for Early Termination (Doc. 244) at 2 ("Over time, it

became clear to me that some of the things told me were not happening as I was told and was in the process of removing myself from them when Vicky Yeager passed in an unexpected fire. The government needed someone with credibility to charge and I was that person."); ("Those 5 plus years [in prison] were very rewarding from this stand point as we met a lot of good people who should have never been there *as was my case*.") (italics added).

Forehand has completed less than one year and nine months of his five-year term of supervision. Especially given that he has not taken responsibility for his actions, the court finds that Forehand requires further supervision based on his history and the nature and circumstances of his offense, to deter him from returning to criminal conduct, and because he continues to present a risk to the public. *See* 18 U.S.C. § 3553 (a)(1), (a)(2)(B), & (a)(2)(C).  Finally, keeping him on supervised release will better ensure that he

3

continues to pay restitution to the victims of his offense.  *See* 18 U.S.C. § 3553(a)(7).

DONE, this the 15th day of March, 2022.

                                                                                /s/ Myron H. Thompson
                                                         **UNITED STATES DISTRICT JUDGE**